THOS. HUNTER v. JNO. W. VEAL AND W. H. DARNABY.

**Wills—Construction—Intention—Dying Without Issue.**
"I give and bequeath to my son, Thomas Hunter, under the reserves
contained in this will, and after the death of my beloved wife, the planta-
tion whereon I now live, at the death of his said mother, to him and his
heirs forever.  It is also my will and desire that if either of my children
die without lawfully begotten heirs of their own body, that then in that
case, that part of my estate devised to them to be divided between the
surviving children and their heirs forever."  Held, That the will vested in
the appellant an indefeasible title to the land.

APPEAL FROM FAYETTE CIRCUIT COURT.

January 18, 1872.

OPINION OF THE COURT BY JUDGE HARDIN:

The principal object of this suit in equity seems to have been
to obtain the judicial construction of certain provisions of the will
of George Hunter, deceased.

The testator died in 1804, having made and published his will
shortly before.   Among other provisions, made in the will for
Rachel Hunter, the widow of the testator, he devised to her an
estate for life in a tract of land, in the first clause of the will,
which is in the following language: "I leave unto my beloved wife,
Rachel Hunter, the tract of land and plantation whereon I live
during her natural life." After making several specific devises,

he disposed of the title to the land in remainder, as follows: "I give and bequeath to my son, Thomas Hunter, under the reserves contained in this will, and after the death of my beloved wife, the plantation whereon I now live, and tract of land and all the rest of my estate at the death of his said mother, Rachel Hunter, after paying off all the legacies devised in this will, to him and his heirs forever. And after charging said Thomas Hunter with the payment of a horse to each of two grandsons of the testator, he proceeded further to declare and provide in the will as follows:

. "It is the true intent and meaning of these writtings that my children, which are not married at this time, live with my wife and be supported off of my property *lent* my wife in the same manner as if I was living until they marry, as is otherwise provided for, and then received the legacies devised to them in this will, when they marry, after which to have no further claim to any support off of the farm and property *lent* my beloved wife and devised to my son, Thomas Hunter. It is also my will and desire that if either of my children die without lawful begotten heirs of their own body, that then and in that case, that part of my estate devised to them to be equally divided between the surviving children and their heirs forever."

Rachel Hunter, the tenant of the land for life, continued to occupy it till her death, which occurred in 1836, at which time Thomas Hunter took possession of it, and he has ever since been in possession of it.

It appears that he has never married, and is now near 80 years old.

In 1870, Thomas Hunter, claiming to have the absolute title to the land, under George Hunter's will, entered into a contract with the appellees, Veal and Darnaby, stipulating for the sale and conveyance to them, of 176 acres of the land; and they, afterwards, questioning his title, refused to accept his deed, and brought this suit for a construction of the will and a rescission of the contract, if the court shall decide that Thomas Hunter took under the will only an estate for life as a determinable fee in the land.

The court below held that Thomas Hunter's interest in the land, under the will, was "a fee, defeasible upon his dying without issue living, at his death," and, therefore, rendered a judgment cancelling the contract, and said Hunter prosecutes this appeal for a reversal of that judgment.

It is contended for the appellant, here, as it was in the lower

court, that by the devise over, in the event of either of this testator's children dying without issue, he did not mean an indefinite failure of issue, but only intended to provide, that if any of his children should die before the death of his wife, which was the ultimate time contemplated for paying the specific personal bequests, and when the devise of the land to the appellant should take effect, then the devise over should be effectual, but not otherwise. Although, by the general rule for construing the expression dying without issue, it would seem to contemplate the non-existence of living issue at the death of the devisee, yet, as this construction would, if rigidly adhered to, tend often to defeat the intention of the testator, courts of equity have cheerfully adopted the more restricted interpretation, contended for in behalf of the appellant in this case, whenever it is reasonable or fairly deducible from the will itself, that such was the meaning of the testator (Moore's Trustees vs. Haines' Heirs, 4 Monroe 199; Berry vs. Richardson, &c., 5 Dana 424).

In this case the devise over, in the contingency mentioned, applies to the various legacies payable in perishable personal property as well as to the land, and it is scarcely reasonable to suppose that the testator intended to direct or control the ultimate disposition of his personal property, after it should pass under the will into the possession of the legatees; and the will furnishes no evidence that he intended the devise over to have one construction as affecting the title to the land and another in regard to personal property.

Our conclusion is that the will of George Hunter vested in the appellant an indefeasible title to the land, and the judgment is, therefore, deemed erroneous.

Wherefore, the judgment is reversed and the cause remanded with directions to dismiss the petition.

*Huston & Mulligan, for appellant.*
*Buford, Kinkead & Darnall, for appellees.*